TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042
410-964-0300

NEW JERSEY OFFICE:
79 MAIN STREET
SUITE ONE
HACKENSACK, NJ 07601
201-342-6665

December 15, 2011

Hon. Sterling Johnson, Jr.
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**(VIA ECF)**

                Re:    <u>United States v. Vincent Palmieri</u>
                        01 Cr. 0700 (SJ)

Dear Judge Johnson:

        Defendant Vincent Palmieri respectfully submits this letter in reply to the Government's letter submitted in opposition to defendant's motion for reduction of sentence based on retroactive application of the 2010 amendments to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582.

        The Government concedes and there is no dispute that defendant is eligible for retroactive application of the amended Guidelines pursuant to 18 U.S.C. § 3582(c)(2) subject to discretion of the Court. (Gov't Ltr., at p.5). However, the Government objects to retroactive application in this case because it has learned of "an investigation which revealed that Palmieri was involved in distributing contraband in the former facility." Specifically, the Government alleges that defendant was involved in introducing creatine powder, muscle enhancing pills, cell phones and cell phone chargers into FCI McKean. In support of these allegations, the Government submits a Bureau of Prisons "Request for Transfer/Application of Management Variable" form dated October 21, 2010. The form states the following in the section labeled "Rationale for Referral" in pertinent part:

                It was believed by staff that [Palmieri] has been involved in the introduction of contraband
                into the institution. It should be noted, the Camp Administrator via numerous inmate

> interviews, was provided information regarding inmate Palmieri's introduction of contraband into SPC.
>
> ...
>
> Due to reasonable suspicion that inmate Palmieri in involved in the introduction of contraband into the institution, it is recommended that he receive a greater security transfer to any appropriate Low security institution with the application of a Greater Security management variable.

This information forms the Government's sole basis for its opposition to defendant's motion. However, Defendant respectfully maintains that he was not involved in the introduction of the alleged, or any other contraband to FCI McKean. Furthermore, none of the items recovered were found on defendant's person, in his cell or in area to which he maintained control. Acting on information from inmates, the BOP officers "turned over" the entire dorm in the camp and found the items detailed in the above mentioned report. The BOP was never able to make a determination as to the ownership, or source of the seized items. In response, defendant and fifteen to twenty inmates were transferred at the same time with the identical reason for referral. Importantly, defendant did not receive a formal accusation regarding the contraband nor were any disciplinary proceedings instituted. This failure to proceed against Palmieri is telling in light of the fact that BOP routinely administratively punishes inmates for far less serious accusations. In the end, there was not enough credible proof to hold defendant accountable. The reason for this failure is that defendant was not involved with the contraband.

Defendant respectfully submits that it would be unjust for the Court to deny defendant's motion on the above-detailed suspicion. At this time, the allegations are based on unconfirmed hearsay information contained in a BOP transfer request form. Taken on their face, the allegations are based on a "reasonable suspicion" that defendant Palmieri was involved in the introduction of contraband; no further proof has been established. Therefore, denial of this motion based on these allegations, which constitute the sole reason that the Government objects to a reduction in sentence, would be unjust.

Defendant respectfully renews his requests that the Court grant his motion over the Government's recommendation given the unreliable basis of the recommendation and the defendant's otherwise commendable behavior during his period of incarceration, as detailed in the motion. Thank you for the Court's consideration of this letter.

Very truly yours,

Sanford Talkin

cc.   AUSA Michael Warren (by ecf)